## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Dana Scott Cooper

January 10, 1990

Case No. (Criminal) 6150

By JUDGE JAMES H. CHAMBLIN

After oral argument on January 8, 1990, the Court took under advisement the defendant's Motion to Set Aside Verdict. I have had an opportunity to review the transcript of the bench trial of December 13, 1989, in which the defendant was found guilty of credit card theft (violation of § 18.2-192) and credit card fraud (violation of Section 18.2-195).

For the reasons hereinafter set forth, the Motion is granted as to both charges.

I do not feel it necessary to recite all the evidence presented in the case but only the evidence relevant to the Motion. As to both charges, the Commonwealth had to prove that the defendant intended to use the ATM card. The Commonwealth sought to show this by proof that Mr. Cooper actually made the ATM withdrawals.

Ms. Priber testified to only one authorized withdrawal by the defendant. She gave him her ATM card and her personal identification number (PIN). She only knew of one withdrawal the defendant made with the ATM card, and she authorized that withdrawal. She had no personal knowledge of any other withdrawal. She asked the defendant to return the card, but he did not return it to her. The evidence was not clear as to exactly when this request was made by Ms. Priber.

Ms. Priber identified the bank statement (Commonwealth's Exhibit No. 1) as being received by her from the bank. The bank statement was allowed in evidence solely as the piece of paper Ms. Priber received from the bank. It was not allowed in evidence as to the truth of the matters set forth thereon because that would be hearsay. Therefore, it could not be considered as proof as any ATM withdrawal by anyone. Nor could it be received as proof that the bank's records indicate that ATM withdrawals had been made on Ms. Priber's account.

Mrs. Dick's testimony of what the letters and numbers on the bank statement mean is not proof of the withdrawals. She did not testify that she had personal knowledge of the bank's records as indicated on the bank statement. Further, even if the bank statement were proof of the withdrawals, it does not show who made the withdrawals.

The purported photographs of the defendant (Commonwealth Exhibits 2A through 2H) entering the bank and at the ATM were admitted in evidence solely as photographs of what Investigator Wilkins saw on a monitor after the images on a tape he received from a bank officer were computer enhanced. No witness testified that the photographs fairly represent what was observed. Even in the absence of such testimony, I do not feel that the evidence provided a sufficient foundation to assure the accuracy of the photographs. No bank official testified as to the operation of the camera, and there was no explanation of the computer enhancement process and its effect on the images on the tape. The photographs cannot be considered proof that Mr. Cooper made the withdrawals.

Merely withholding a credit card is not enough to constitute credit card theft. *Commonwealth v. Cheatham*, 215 Va. 286 (1974). The Commonwealth must also prove an intent to use the card. Upon reconsideration of the evidence, I am of the opinion that the Commonwealth has not proven beyond a reasonable doubt that Mr. Cooper had such intent. Because he is not guilty of credit card theft, he cannot be guilty of credit card fraud.